UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NEHEMIAH BELLAMY,

                Plaintiff,

                                        ORDER
  -against-                        18-CV-5454(JS)(AKT)

KINGS COUNTY, NEW YORK COUNTY, KINGS
COUNTY POLICE DEPARTMENT COMMANDER
JOHN DOE, JOHN DOE DETECTIVES, JOHN
DOE POLICE OFFICERS, NYC DEPARTMENT
OF CORRECTIONS, and WARDEN OF OBCC
JOHN DOE,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:    Nehemiah Bellamy, pro se
                   18A4488
                   Clinton Correctional Facility
                   P.O. Box 2001
                   Dannemora, New York 12929

For Defendants:   No appearances.

SEYBERT, District Judge:

        On September 24, 2018, incarcerated pro se plaintiff Nehemiah Bellamy ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Kings County, New York County, Kings County Police Department Commander John Doe ("KCPD Comm. Doe"), "John Doe Detectives" at the 67th Police Precinct in Brooklyn, "John Doe Police Officers" at the 73rd Police Precinct in Brooklyn, the N.Y.C. Department of Corrections ("NYCDOCS"), and the Warden of OBCC ("Warden Doe" and collectively "Defendants"). However, Plaintiff did not pay the filing fee nor

did he file an application to proceed in forma pauperis and the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency dated September 28, 2018, (see Docket Entry 2), Plaintiff was instructed to either remit the filing fee or complete and return the enclosed application to proceed in forma pauperis and PLRA in order for the case to proceed. On October 9, 2018, Plaintiff timely filed an application to proceed in forma pauperis together with the PLRA. (See IFP Mot., Docket Entry 7.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b). Plaintiff is granted leave to file an Amended Complaint as set forth below within thirty (30) days from the date of this Order.

BACKGROUND

Plaintiff's brief Complaint is submitted on the Court's Section 1983 complaint form and alleges, in its entirety:[1]

---

[1] All material allegations in the Complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of

> On or about September 24, 2016 throughout September 30, 2016 and continued to March of 2017, [ ] [i]n the County of Kings, John Doe Police Officers for 73rd Police Department stopped me for traffic violations and arrested me between Linden Blvd. and Vermont. At Police Dept. processed with a home address for Long Island. Then told I was on Detective Alert for 1st Degree Robbery and had to go for interview and line up at 67th Police Department where two John Doe Detectives processed me for a line up suspect for Robb. 1st. I was not selected from line up but was arrested for Robbery 1st Degree. I was processed and transported to Central Booking holding for arraignment. The initial arrest was about 8 A.M. The Robbery arrest was about 2 PM at 67th PD until 6 or 7 PM. I was transferred to New York County Department of Corrections at OBCC and held inside the Bull Pen for 4 days under in humane conditions before obtaining a housing location. On or about 9/24/2016 I was arraigned on the traffic ticket and ROR but held at approximate $50,000.00 bail for the Robbery charge. On or about 9/30/16 ROR on robbery charge. And on or about March of 2017, the Robbery criminal complaint was dismissed.

(Compl. ¶ II.) As a result of the foregoing, Plaintiff claims to have suffered "anxiety, slander and libel by the discrimination and inhumane treatment throughout the arrest, detention and dismissal of the fraudulent accusations of criminal liability. Prejudice by records used for employment and debts incurred by incarceration and expenses." (Compl. ¶ II.A.) For relief, Plaintiff seeks to remove "[a]ll records reflecting the Robbery

---

Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

charges [ ] and all prints and photographs" of Plaintiff. (Compl. ¶ III.) Plaintiff also seeks to recover a monetary award in the approximate sum of $2.3 million. (Compl. ¶ III.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.

Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Rule 8 of the Federal Rules of Civil Procedure

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Jones v. Nat'l Commc'ns and Surveillance Networks, 266 F. App'x 31, 32 (2d Cir. 2008) (internal quotation marks and citations omitted) (unpublished opinion).  "The statement should be plain because the principal function of pleadings under the

Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72. "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant,

to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." Salahuddin, 861 F.2d at 42; see also Shomo v. State of N.Y., 374 F. App'x 180, 182 (2d Cir. 2010) (unpublished opinion) ("a court has the power to dismiss a complaint that is 'prolix' or has a 'surfeit of detail'").

Here, as is readily apparent, Plaintiff's Complaint does not comport with the pleading requirements of Rule 8. Plaintiff's submission is largely conclusory and devoid of sufficient factual allegations such that the Defendants have "fair notice of the claim[s] asserted" against them. Indeed, although Plaintiff names seven Defendants, he does not include any factual allegations of conduct or inaction attributable to each Defendant. Because the Complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8, the Complaint is DISMISSED WITHOUT PREJUDICE.

IV. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2)

7

the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

It is well-established that a municipality, such as Kings County or New York County, cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

Here, even affording the pro se Complaint a liberal construction, Plaintiff has not alleged any facts from which the Court could reasonably construe "action pursuant to official municipal policy." Cash, 654 F.3d at 333; Torraco v. Port Auth.

8

of New York and New Jersey*,* 615 F.3d 129, 140 (2d Cir. 2010) (To establish liability "[the] plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (Internal quotation marks and citation omitted). Thus, Plaintiff's Section 1983 claims against Kings County and New York County are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000), the Court has carefully considered whether leave to amend is warranted here. Plaintiff is GRANTED leave to amend the Complaint to allege his claims in accordance with Federal Rule of Civil Procedure 8's requirements and the guidance set forth above. If there are individuals that Plaintiff seeks to name as Defendants in his Amended Complaint and he cannot identify the individuals personally involved in the constitutional deprivations within the time allowed in this Order, he may designate those Defendants as "John/Jane Doe, working at (location) on (date)" in the caption and in the body of the Amended Complaint and provide descriptive information of those individuals in the body of the Amended Complaint to allow for their subsequent identification.

9

Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order, 18-CV-5454, and shall be filed within thirty (30) days from the date of this Memorandum and Order. If Plaintiff does not timely file an Amended Complaint, judgment shall enter and this case will be marked closed.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A (b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this Memorandum and Order. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order, 18-CV-5454, and shall be filed within thirty (30) days from the date of this Memorandum and Order. If Plaintiff does not timely file an Amended Complaint, judgment shall enter and this case will be marked closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:   May  16 , 2019
         Central Islip, New York