```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NEHEMIAH BELLAMY,

                    Plaintiff,
                                            ORDER
          -against-                         18-CV-5454(JS)(AKT)

CITY OF NEW YORK; MAYOR B. DIBLASIO;
CYNTHIA BRANN, Commissioner, NYC
Department of Corrections; MARY TRAVIS,
Commissioner, New York City Department
of Health; CAROLYN SAUNDERS, Warden,
Otis Bantum Correctional Facility;
COMPLIANCE OFFICER, Otis Bantum
Correctional Facility; DOE 1-Tour 1,
OBCC Watch Commander; DOE 1-Tour 1,
OBCC Bull Pen Area Supervisor;
DOE 1-Tour 1, OBCC Bull Pen Officer;
DOE 2-Tour 2, OBCC Watch Commander;
DOE 2-Tour 2, OBCC Bull Pen Area
Supervisor; DOE 2-Tour 2, OBCC Bull
Pen Officer; DOE 3-Tour 3, OBCC Watch
Commander; DOE 3-Tour 3, OBCC Bull Pen
Area Supervisor; DOE 3-Tour 3, OBCC Bull
Pen Officer; MUHAMMAD DOE, OBCC Islamic
Chaplain; DETECTIVE J. DOE 1, 67th
Precinct; DETECTIVE J. DOE 2, 67th
Precinct;

                    Defendants.
----------------------------------X
```
APPEARANCES
For Plaintiff:      Nehemiah Bellamy, pro se
                    18A4488
                    Clinton Correctional Facility
                    P.O. Box 2001
                    Dannemora, New York 12929

For Defendants:     No appearances.

SEYBERT, District Judge:

        By Order dated May 16, 2019, the Court granted the application of incarcerated pro se plaintiff Nehemiah Bellamy

("Plaintiff") to proceed in forma pauperis and dismissed the Complaint, filed pursuant to 42 U.S.C. § 1983 ("Section 1983"), with leave to amend. On August 14, 2019, Plaintiff timely filed an Amended Complaint against the City of New York ("the City"), Mayor B. DiBlasio ("Mayor DiBlasio"), Cynthia Brann, Commissioner, NYC Department of Corrections ("Comm. Brann"); Mary Travis, Commissioner, New York City Department of Health ("Comm. Travis"); Carolyn Saunders, Warden, Otis Bantum Correctional Facility ("OBCF")("Warden Saunders"); Compliance Officer, OBCF ("Compliance Officer"); Doe 1-Tour 1, OBCF Watch Commander ("Doe 1 Watch Commander"); Doe 1-Tour 1, OBCF Bull Pen Area Supervisor ("Doe 1 Supervisor"); Doe 1-Tour 1, OBCF Bull Pen Officer ("Doe 1 Officer"); Doe 2-Tour 2, OBCF Watch Commander ("Doe 2 Watch Commander"); Doe 2-Tour 2, OBCF Bull Pen Area Supervisor ("Doe 2 Supervisor"); Doe 2-Tour 2, OBCF Bull Pen Officer ("Doe 2 Officer"); Doe 3-Tour 3, OBCF Watch Commander ("Doe 3 Watch Commander"); Doe 3-Tour 3, OBCF Bull Pen Area Supervisor ("Doe 3 Supervisor"); Doe 3-Tour 3, OBCF Bull Pen Officer ("Doe 3 Officer"); Muhammad Doe, OBCF Islamic Chaplain ("Muhammad Doe"); Detective J. Doe 1, 67th Precinct ("Det. Doe 1"); and Detective J. DOE 2, 67th Precinct ("Det. Doe 2" and collectively, "Defendants") (D.E. 22.)

Though thin, Plaintiff's claims shall proceed. Accordingly, the Court ORDERS service of the Summonses and Amended

Complaint upon Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and the Amended Complaint on the unidentified Defendants without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Amended Complaint together with this Order on the Corporation Counsel for the City of New York. The Corporation Counsel for the City of New York's Office is requested to attempt to ascertain the full names of unidentified Defendants, who are alleged to be employed at the Otis Bantum Correctional Facility and to have interacted with Plaintiff during the period September 26, 2016 through September 30, 2016 as described in the Amended Complaint. The Corporation Counsel for the City of New York's Office shall provide the Court and Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the Corporation Counsel for the City of New York's Office, Plaintiff's Amended Complaint shall be deemed amended to reflect the full names of these Defendants, Summonses shall be issued as to these

Defendants, and the USMS shall serve them.  The Corporation Counsel for the City of New York need not undertake to defend or indemnify these individuals at this juncture.  This Order merely provides a means by which Plaintiff may properly name and serve these Defendants as instructed by the Second Circuit in <u>Valentin</u>.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.

                SO ORDERED.


                <u>/s/ JOANNA SEYBERT     </u>
                JOANNA SEYBERT, U.S.D.J.

Dated:    January <u> 9 </u>, 2020
           Central <u>Islip</u>, New York